IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

AUTO-OWNERS INSURANCE COMPANY, )
    PLAINTIFF, )
VS. ) CV94-H-576-S
CAREY F. BREWSTER, )
SOUTHERN NEUROSURGICAL
ASSOCIATES PENSION RETIREMENT )
PLAN; J. CLAYTON DAVIS, AS
TRUSTEE OF SOUTHERN NEURO- )
SURGICAL ASSOCIATES, PA MONEY
PURCHASE PENSION PLAN; )
    DEFENDANTS. )

**ENTERED**

**JUN - 1 1995**

## MEMORANDUM OF DECISION

The court has before it the April 4, 1995 motion for summary judgment filed by plaintiff Auto-Owners Insurance Company ("Auto-Owners"). Pursuant to the court's April 5, 1995 order, that motion was deemed submitted for decision, without oral argument, as of May 3, 1995. The court also has before it the April 27, 1995 motion for summary judgment filed by defendant Carey F. Brewster, and pursuant to the court's April 28, 1995 order, that motion was deemed submitted for decision without oral argument as of May 30, 1995.

Plaintiff filed its complaint in this action on March 9, 1994 seeking a declaration with regard to its duty pursuant to a contract of insurance issued to defendant Carey F. Brewster to defend and/or indemnify defendant Brewster who is a defendant in an underlying lawsuit in the Circuit Court of Walton County, Florida.



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

AUTO-OWNERS INSURANCE COMPANY,  )
    PLAINTIFF,                  )
                                )
VS.                             )    CV94-H-576-S
                                )
CAREY F. BREWSTER,              )
SOUTHERN NEUROSURGICAL          )
ASSOCIATES PENSION RETIREMENT   )
PLAN; J. CLAYTON DAVIE, AS      )
TRUSTEE OF SOUTHERN NEURO-      )
SURGICAL ASSOCIATES, PA MONEY   )
PURCHASE PENSION PLAN;          )
                                )
    DEFENDANTS.                 )

**ENTERED**

JUN - 1 1995

## MEMORANDUM OF DECISION

The court has before it the April 4, 1995 motion for summary judgment filed by plaintiff Auto-Owners Insurance Company ("Auto-Owners"). Pursuant to the court's April 5, 1995 order, that motion was deemed submitted for decision, without oral argument, as of May 3, 1995. The court also has before it the April 27, 1995 motion for summary judgment filed by defendant Carey F. Brewster, and pursuant to the court's April 28, 1995 order, that motion was deemed submitted for decision without oral argument as of May 30, 1995.

Plaintiff filed its complaint in this action on March 9, 1994 seeking a declaration with regard to its duty pursuant to a contract of insurance issued to defendant Carey F. Brewster to defend and/or indemnify defendant Brewster who is a defendant in an underlying lawsuit in the Circuit Court of Walton County, Florida.

In support of its motion for summary judgment, plaintiff Auto-Owners has submitted a memorandum of law and filed a certified copy of the policy of insurance issued to defendant Carey F. Brewster. In opposition to defendant Brewster's motion for summary judgment, Auto-Owners has filed the affidavits of Janie Parsons and Al Corcoran, Jr.. Auto-Owners has also submitted a brief in opposition to Brewster's motion. Defendants have filed no evidence nor submitted any brief in opposition to plaintiff's motion.[1] Brewster, in support of his motion has filed the affidavit of Carey F. Brewster and the Alabama Supreme Court opinion in <u>Brown Machine Works & Supply Company, Inc. v. Insurance Company of North America</u>. Defendant Brewster has filed no brief in support of his motion.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings,

---

[1] Although defendants have submitted no brief nor filed any evidence in opposition to plaintiff's motion, the main thrust of Brewster's motion is that Auto-Owners is essentially estopped from asserting various exclusions in denying a defense and coverage to Brewster in the underlying suit. The court will address Brewster's argument in its motion for summary judgment as if it has been presented in opposition to plaintiff's motion for summary judgment.

depositions, answers to interrogatories and admissions on file together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the nonmoving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. Id. at 322-23; see Fed. R. Civ. P. 56(a) and (b).

Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322.

The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id., 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Id. at 249.

The following facts in this case are undisputed: defendant Carey P. Brewster is a subcontractor who in November 1992 contracted with the general contractor of defendants Southern Neurosurgical Associates Pension Retirement Plan and J. Clayton Davis, as Trustee of Southern Neurosurgical Associates, P.A. Money Purchase Pension Plan (the court will refer to these two defendants collectively as "Southern Neurosurgical") to perform construction in Walton County, Florida. Auto-Owners issued a "Tailored Protection Policy" to defendant Brewster with an effective coverage date from November 15, 1992 to November 15, 1993. See Insurance Policy.

On October 29, 1993, Southern Neurosurgical filed a complaint in the Circuit Court of Walton County, Florida against numerous defendants involved in the construction project for Southern Neurosurgical. Defendant Brewster is one of the defendants in the underlying suit in the Circuit Court of Walton County, Florida, and the following claims are asserted against defendant Brewster in the underlying suit: Count II - Breach of Implied Warranties; Count IV - Breach of Express Warranties; Count VI - Negligence; and Count VIII - Negligence in failing to comply with the terms and warranties of the construction contract.[1] Plaintiff Auto-Owners Insurance Company is providing

---

[1] Counts VI is stated in terms of negligent construction, supervision, inspection, and compliance with building codes. This count can only arise out of any alleged breach of contract, and the court views this count as one for breach of contract. Count VIII of the complaint in the underlying suit charges negligence in compliance with the "construction contract". This count is addressing the construction contract between Southern Neurosurgical and the general contractor. However, the complaint in the underlying suit states that Brewster is contracting with the general contractor agreed to the terms of the construction

4

a defense to defendant Brewster in the underlying suit with a reservation of right.

As a basis for its motion for summary judgment, Auto-Owners argues that it is not obligated to provide a defense or to indemnify defendant Brewster because the insurance policy issued by Auto-Owners to Brewster does not provide coverage for contractual liability claims. Auto-Owners' contention rests upon two grounds: First, Auto-Owners argues that the insurance policy issued to defendant Brewster was not intended and does not provide coverage for actions against the insured (Brewster) as a result of a breach of contract action against Brewster by a third party because such a contract action is not an "occurrence" as provided for and defined in Brewster's insurance contract with Auto-Owners. Auto-Owners also points to various exclusions in the insurance policy in support of its argument that plaintiff is not obligated to defend or indemnify Brewster in the underlying suit.

The "Commercial General Liability Coverage Form" which is a part of the overall Tailored Protection Insurance Policy issued by Auto-Owners to Brewster provides the following:

Section I - Coverages

Coverage A. Bodily Injury and Property Damage Liability

1. Insuring agreement.

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance

---

contract between Southern Neurosurgical and the general contractor. The court likewise views this claim of negligently failing to comply with the terms of the contract as one for breach of contract.

5

applies. We will have the right and duty to defend any "suit" seeking those damages. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result.

...

b. This insurance applies to "bodily injury" and "property damage" only if:
(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
(2) The "bodily injury" or "property damage" occurs during the policy period.

See Insurance Policy, Commercial General Liability Coverage Form, p. 1. The Commercial General Liability Coverage Form defines the term "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." See Insurance Policy, Commercial General Liability Coverage Form, p. 9. Auto-Owners argues that the policy issued to defendant Brewster was a general liability policy intended only to protect the insured, Brewster, for unforeseen accidents and that the policy is not a "performance" bond insuring Brewster for his alleged failure to comply with the terms of the contract or his alleged breach of implied or express warranties. The court agrees. A simple reading of the provisions of the contract provides ample insight as to the type of coverage and policy that plaintiff issued to defendant Brewster. Section A of the "Causes of Loss - Basic Form" lists that types of loss that the policy is intended to cover. This list includes occurrences such as fire, lightning, explosion, windstorm or hail, smoke, aircraft or vehicles, riot, vandalism, sinkhole, and volcanic action. See Insurance Policy, Causes of Loss Basic Form, p. 1. Nowhere is injury for breach of contract mentioned, and breach of contract is simply not similar to any of the causes of loss listed.

6

Further, the court is satisfied that an alleged breach of contract or breach of implied or express warranties is not an "occurrence" as defined by the policy. Such a potential breach is not an accident or a continuous or repeated exposure to substantially the same general harmful conditions.

In construing the term "occurrence" in an insurance policy in which "occurrence" was defined in substantially the same manner that it is defined in plaintiff's policy with Brewster, the Alabama Supreme Court held that an alleged breach of contract did not constitute an "occurrence" as defined in the policy. Reliance Insurance Company v. Wyatt, 540 So. 2d 688, 691 (Ala. 1989). In Reliance, Gary C. Wyatt, Inc. ("Wyatt") was engaged in a construction project in Destin, Florida. Wyatt leased a Crane from Essex Crane Rental ("Essex") for its construction project. Reliance Insurance Company ("Reliance") had issued a general liability policy to Wyatt. Upon obtaining the lease, Wyatt agreed with Essex to include Essex as an additional interest under the general liability policy with Reliance. Wyatt failed to do so. An employee of Wyatt was injured in an accident on Wyatt's construction site involving the crane. The employee sued Wyatt and Essex. Essex cross-claimed against Wyatt for breach of contract in failing to include Essex as an interest in Wyatt's general liability policy with Reliance. Wyatt sought a defense from Reliance on the cross-claim. Reliance refused on the grounds that Wyatt's alleged breach of contract with Essex was not an "occurrence" within the meaning of the policy issued to

7

Wyatt.' *Reliance*, 540 So. 2d at 688-89. The Alabama Supreme Court held that the breach of contract by Wyatt in failing to include Essex as an interest in its policy with Reliance was not an "occurrence" as defined by the terms of the policy. The court stated that although there was an injury to Wyatt's employee, this was not the "occurrence" upon which liability was predicated. The breach of contract occurred with or without the employee's injury. *Id.* at 690-91.

Although the facts of the case at hand are not altogether analogous to the facts in *Reliance*, the court is satisfied with the Alabama Supreme Court's interpretation of "occurrence" in the context of the policy issued by Reliance to Wyatt. Thus, it is likewise clear that Brewster's alleged breach of contract with Southern Neurosurgical is not an "occurrence" as contemplated by the policy of insurance issued by Auto-Owners to Brewster. Therefore, Auto-Owners' motion for summary judgment is due to be granted, and a separate order will be entered declaring that Auto-Owners has no duty to defend or indemnify defendant Carey F. Brewster in the underlying suit in Walton County, Florida with regard to any claim in such suit involving an alleged breach of implied or expressed warranties or other breach of contract

---

' The policy issued by Reliance to Wyatt defined "occurrence" as "an accident including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." *Reliance*, 540 So. 2d at 689 n. 6.

8

asserted against Carey F. Brewster by Southern Neurosurgical.

Defendant Carey F. Brewster's April 27, 1995 will be overruled.

DONE this 1st day of June, 1995

*[signature]*

UNITED STATES DISTRICT JUDGE

---

' As indicated by footnote number one, the court has contemplated defendant Brewster's arguments in support of his motion for summary judgment as also being in opposition to plaintiff's motion. Defendant Brewster argues that the recent Alabama Supreme Court case of Brown Machine Works & Supply Company, Inc. v. Insurance Company of North America, 1995 WL 138549 (Ala. 1995) stands for the principle that plaintiff Auto-Owners is effectively estopped from asserting any exclusion against Brewster because of its alleged failure to deliver a full and complete copy of the insurance policy to defendant Brewster. In Brown, the court held that where a statute requires delivery of a policy to the insured and the insurer fails in such delivery, the insurer may be estopped from asserting coverage conditions or exclusions that are in the policy but not disclosed to the insured. Id. at 6. Because the court has concluded that Brewster's alleged breaches of contract were not an "occurrence" as contemplated by the policy, the court need not address the factual issue as to whether the entire policy was actually delivered to defendant Brewster or whether Auto-Owners is estopped from asserting seemingly valid exclusions in the policy. The policy issued to Brewster by Auto-Owners simply did not cover the alleged breaches of contract asserted by Southern Neurosurgical in the underlying suit. Therefore, the court need not address any exclusions asserted by Auto-Owners or whether such exclusions can validly be asserted.

9